IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 03-CR-303-BR<br>(05-CV-999-BR) |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| FRED HENRY WILLIAMS, | |
| Defendant. | |

**KAREN J. IMMERGUT**
United States Attorney
**STEPHEN F. PEIFER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

    Attorneys for Plaintiff

**FRED HENRY WILLIAMS**
No. 58602-065
FCI Phoenix
37910 N. 45th Avenue
Phoenix, AZ 85086

    Defendant, *Pro se*

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendant Fred Henry Williams's Motion to Vacate, Set Aside, or Correct Sentence (#30) pursuant to 28 U.S.C. § 2255. Defendant did not file any brief or memoranda in support of his Motion. After the government filed its Response to Defendant's Motion, the Court issued an Order setting the deadline for Defendant to file a Reply. Defendant did not file a Reply nor did he seek additional time to do so.

For the reasons that follow, the Court **DENIES** Williams's Motion.

## BACKGROUND

On March 19, 2003, the District Court issued a Summons and Order to Show Cause to Defendant for violating the conditions of his supervised release (Case No. 92-CV-110-RE). The alleged violations included use of a controlled substance, failure to submit to urinalysis testing, and failure to participate in and to complete an employment program. On April 23, 2003, the Court supplemented the violations to include Defendant's arrest by Portland police officers on November 15, 2002, for selling crack cocaine.

On April 29, 2003, Defendant appeared before The Honorable James Redden and did not contest any of the violations. The

2 - OPINION AND ORDER

Court revoked Defendant's supervised release, sentenced him to a term of 17 months imprisonment, and ordered Defendant to surrender to the United States Marshal on May 2, 2003.

Defendant failed to report as ordered and a warrant for his arrest was issued on May 7, 2003.

On June 23, 2003, a Portland police officer stopped Defendant for a traffic violation and arrested him on an outstanding Multnomah County warrant arising from the November 2002 arrest. On June 25, 2003, a federal grand jury returned an Indictment charging Defendant with one count of Knowingly and Wilfully Failing to Surrender for Service of Incarceration in violation of 18 U.S.C. § 3146(a)(2).

On July 9, 2003, Defendant pled guilty in Multnomah County Circuit Court to one count of Delivery of a Controlled Substance and was sentenced to serve a term of 18 months imprisonment. Defendant apparently believed his 18-month state sentence would run concurrently with the 17-month federal sentence. The two sentences, however, ran consecutively because Defendant was in state rather than federal custody when he was sentenced in Multnomah County.

On March 23, 2004, Defendant pled guilty to the June 23, 2003, federal Indictment in which he was charged for failure to surrender. On July 9, 2004, this Court held a sentencing hearing. The Court heard testimony from Ronald Fishback, the

attorney who represented Defendant in Multnomah County Circuit Court on the charge of Distributing a Controlled Substance.[1] Fishback testified about the circumstances surrounding Defendant's guilty plea in Multnomah County and admitted he had erroneously advised Defendant that his state sentence would likely run concurrently with his federal sentence imposed April 23, 2003. Fishback testified this advice probably helped induce Defendant to enter a guilty plea in Multnomah County.

The United States Sentencing Guidelines range for the offense of failing to surrender for service of a sentence is 21-27 months.[2] Defendant's counsel sought a five-level downward departure to six months and argued the three consecutive sentences were excessive. The Court rejected that argument, but, in the exercise of its discretion, agreed to a downward departure of two months from the low end of the Sentencing Guidelines range and sentenced Defendant to a term of 19 months imprisonment to run consecutively to his 17-month sentence imposed April 23, 2003, for violation of the conditions of his supervised release.

---

[1] Defendant was represented in this Court by Assistant Federal Public Defender Patrick Ehlers.

[2] The Court sentenced Defendant before the Supreme court issued its opinion in *United States v. Booker*, 125 S. Ct. 738 (2005). The Court, therefore, regarded the Sentencing Guidelines as mandatory at the time of Defendant's sentencing.

**STANDARDS**

28 U.S.C. § 2255 provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 requires a district court to "grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998)(internal quotations and citation omitted). To have the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980), *cert. denied*, 451 U.S. 938 (1981). The decision to hold a hearing is

5 - OPINION AND ORDER

within the court's discretion. *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

## DISCUSSION

Defendant challenges his sentence on two grounds. First, Defendant contends:

> Ineffective assistance of federal trial counsel for not objecting to the imposition of my federal sentence consecutive to my state sentence. The 1991 version of the statute, which applies to my case, mandates that a federal sentence run concurrently with a state sentence in certain circumstances.

To prevail on a claim of ineffective assistance of counsel, Defendant must show (1) his attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant's failure to make the required showing on either prong defeats an ineffective assistance claim. *Id.* at 700. Judicial scrutiny must be highly deferential, and the court must apply a strong presumption that the attorney's conduct was within the wide range of reasonable professional assistance. *Id.*

Defendant has not presented any evidence that satisfies the standard set forth in *Strickland*. Contrary to Defendant's assertion, his counsel tried to convince the Court that

Defendant's federal sentence should run concurrently with his state sentence at least in part. Moreover, Defendant has not identified any law, state or federal, that requires concurrent sentences.

Defendant also alleges the Court violated Sentencing Guidelines § 5G.3 and "principals [sic] of comity." In support of this assertion, Defendant states:

> Normally, the government (state or federal) which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. The government with priority of jurisdiction may elect under the doctrine of comity to relinquish jurisdiction to another government.

Defendant's brief statement does not support Defendant's assertion that his sentence was excessive or otherwise unlawful. The sentence of 19 months imprisonment was, in fact, less than the low end of the Sentencing Guideline range of 21-27 months.

The Court finds there is no need for an evidentiary hearing to decide this motion. Defendant makes only conclusory allegations, and the record in this case conclusively demonstrates Defendant is not entitled to relief from his sentence.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion

to Vacate, Set Aside, or Correct Sentence (#30).

IT IS SO ORDERED.

DATED this 21st day of November, 2005.

*Anna J. Brown*
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER